IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKY LEE WEBB, JR., <br><br> Plaintiff, <br><br> v. <br><br> ALABAMA DEPARTMENT OF CORRECTIONS, et al., <br><br> Defendants. | Case No. 2:12-cv-559 <br> (WO—Do not publish) |

### ORDER

Before the Court is Ricky Lee Webb's ("Webb") Motion to Order (Doc. # 21). The Court construes this pleading as a motion for a temporary restraining order and a motion for preliminary injunction. Webb, a pro se prisoner in the Easterling Correctional Facility, makes the broad request that the Court issue a temporary restraining order against two Easterling correctional officers, Officers Kerry Williams and Robert Wilkins, to "ensure his safety." Because Webb brings this motion as a pro se litigant, the Court must construe it liberally. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). However, Webb has not alleged any specific conduct on the part of the officers that has endangered his safety.

Rule 65 of the Federal Rules of Civil Procedure restricts a court's ability to grant a temporary restraining order. To overcome the rule's restrictions, a plaintiff must make clear from "specific facts shown by affidavit or by the verified complaint that immediate and

1

irreparable injury, loss, or damage will result to the applicant." Fed. R. Civ. P. 65(b). The Eleventh Circuit has held that this requires the plaintiff to show the following: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) that the threatened injury to the moving party outweighs whatever damages the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).[1] A temporary restraining order is "an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the burden of persuasion" as to each of these four elements. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotation marks omitted).

A temporary restraining order is a "drastic remedy" because a court issues it without giving notice to the opposing party. In other words, denying a party the chance to be heard requires the moving party to make a persuasive showing of necessity. With this in mind, Webb's request for a temporary restraining order fails because his motion consists of bare conclusions without any facts to support them. Webb has not alleged anything the officers have actually done that poses an immediate threat to his safety. He claims he has a "reasonable belief" that Officer Wilkins is "conspiring to have a 'hit' on [him] through the means of willing cellmates." However, he does not support that claim with any specific

---

[1] Rule 65 also has a procedural component. But since Webb cannot meet the rule's substantive standards, the Court need not concern itself with addressing the procedural issues.

2

facts.

Because Webb's request consists of mere conclusions, the Court finds that Webb's request for a temporary restraining order is more appropriately considered a request for a preliminary injunction and a claim for permanent injunctive relief.  Accordingly, the Motion for a Temporary Restraining Order (Doc. #21) is DENIED. It is further ORDERED that the Motion for a Preliminary Injunction (Doc. #21) is REFERRED to the assigned Magistrate Judge for action or recommendation on all pretrial matters.

DONE this the 27th day of August, 2012.

                                              /s/ Mark E. Fuller
                                  UNITED STATES DISTRICT JUDGE