IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKY LEE WEBB, JR., #246707, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12-CV-559-MEF |
| ) | [WO] |
| ) | |
| OFFICER WILKINS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Ricky Lee Webb, Jr. ["Webb"], an indigent state inmate, challenging actions taken against him during his confinement at the Easterling Correctional Facility.  The defendants filed answers and special reports, supported by relevant evidentiary materials, in which they addressed the plaintiff's claims for relief.  On October 18, 2012, Webb filed a "Notice of Plaintiff's Abandonment of Claims" in which he seeks "to dismiss all claims involving Alabama Dept. of Corrections or those employed by Alabama Dept. of Corrections that is currently before this District Court ... which the Plaintiff has filed." *Doc. No. 34* at 1.  In support of his request for dismissal, Webb advises that he "no longer wishes to pursue ... any claims whatsoever Plaintiff has" lodged against state correctional officials in the civil complaints pending before this court.  *Id*.  The court therefore construes this document as

a motion to dismiss.

Upon consideration of the plaintiff's motion to dismiss, the court concludes that this motion is due to be granted and that this case is due to be dismissed without prejudice.

## II. DISCUSSION

Dismissal without prejudice at the insistence of the plaintiff pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure is committed to the sound discretion of this court and, absent some plain legal prejudice to the defendants, denial of the dismissal constitutes an abuse of this court's discretion. *McCants v. Ford Motor Company, Inc.*, 781 F.2d 855 (11th Cir. 1986). Simple litigation costs, inconvenience to the defendants, and/or the prospect of a second or subsequent lawsuit do not constitute clear legal prejudice. *Id*. *See also Durham v. Florida East Coast Railway Company*, 385 F.2d 366 (5th Cir. 1967). After thorough review of the pleadings filed by the parties, the court concludes that this case is due to be dismissed without prejudice on the motion of the plaintiff.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's motion to dismiss be GRANTED.

2. This case be dismissed without prejudice.

3. No costs be taxed herein.

It is further

ORDERED that on or before November 9, 2012, the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 25th day of October, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE